891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie L. MOORE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-6373.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, Jr. and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Pursuant to an order entered on November 20, 1989, the plaintiff was directed to show cause why this court should not consider his right to an appeal waived because of his failure to object to the Magistrate's report and recommendation. Plaintiff's counsel has now responded.
 
 
 2
 Since 1981, this Court has required litigants to file timely objections to Magistrate's reports and recommendations under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See United States v. Walters, 638 F.2d 947 (6th Cir.1981). The United States Supreme Court has upheld that practice. Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 3
 In this action, the Magistrate filed a report with a recommendation the defendant's decision denying the plaintiff's application for social security disability and supplemental security income be affirmed. As required by our decision in Walters, that report contained a footnote informing the parties of the objection requirement. No timely objections were filed, however, and the district court accepted the report in whole and entered judgment for the defendant.
 
 
 4
 In his response to the show cause order, plaintiff's counsel states he was unaware of this Court's objection requirement. He admits he noticed the footnote in the report, but states he did not read it carefully. He did not become aware of the objection requirement until after he had filed the notice of appeal. He asks this Court to excuse his omission and to permit this appeal to continue.
 
 
 5
 In Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), we held that the objection requirement is not jurisdictional and may be excused by this Court in particular cases in the interest of justice. We conclude, however, that this appeal does not present such exceptional circumstances as to warrant exercise of that discretion. There is nothing in the papers before us to indicate the procedures followed by the district court in this case were irregular or otherwise misled counsel into foregoing the filing of objections. Rather, this is a case of counsel's failure to keep himself informed of procedural practice in this Circuit and to scrutinize a report entered by a judicial officer.
 
 
 6
 The plaintiff having waived his right to appellate review by this Court, it is ORDERED that the district court's order of September 29, 1989, is affirmed.